IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Cynthia Johnson, | ) | |
| | ) | |
| | ) | Civil Action No.: 2:18-cv-00113-JMC |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Andrew M. Saul, Commissioner of Social Security Administration,[1] | ) ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 18), filed on June 26, 2019, recommending that Commissioner Andrew M. Saul's ("the Commissioner") decision denying Cynthia Johnson's ("Plaintiff") claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") be reversed and remanded under sentence four of 42 U.S.C. § 405(g) for further analysis and consideration by the Commissioner. (*Id.* at 1.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF. No. 18), incorporating it herein, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

---

[1] On June 17, 2019, Andrew M. Saul, became the Commissioner of Social Security Administration. *See* Jim Borland, *Social Security Welcomes its New Commissioner*, Soc. Sec. Admin.: Blog (June 17, 2019), https://blog.ssa.gov/social-security-welcomes-its-new-commissioner/. Thus, Andrew M. Saul is automatically substituted as a party in the instant matter. *See* Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded."). The court directs the Clerk of Court for the United States District Court for the District of South Carolina to substitute Andrew M. Saul as the Commissioner of Social Security Administration for all pending social security cases.

1

# I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 18.) As a brief background, Plaintiff filed an application for SSI on July 14, 2014. (*Id.* at 1.) Her application was denied initially on September 25, 2014, and again upon reconsideration on December 4, 2014. (*Id.* at 2.) Following a hearing on October 3, 2016, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Act and denied Plaintiff's claim for SSI on January 11, 2017. (*Id.* at 2.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision. (*Id.*) Thus, the ALJ's decision then became the final decision of the Commissioner (*Id.*) *See also Meyer v. Astrue*, 662 F. 3d 700, 704 (4th Cir. 2011). Plaintiff then filed the instant action in the United States District Court for the District of South Carolina on January 12, 2018. (ECF No. 1.)

The ALJ concluded that although Plaintiff suffered from severe impairments, including coronary artery disease ("CAD"), constructive obstructive pulmonary disease ("COPD"), lumbar degenerative disc disease, arthritis of the lower extremities, affective disorder, and anxiety, Plaintiff "does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." (ECF No. 18 at 2.) In addition, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. § 416.967(b), except Plaintiff may sit, stand or walk for six hours of an eight-hour day and may change positions once an hour at her workstation. (*Id.*) The ALJ noted that Plaintiff could not climb ladders, ropes, and scaffolds, but may occasionally perform all other postural activities. (*Id.*) Furthermore, the ALJ determined that Plaintiff was able to frequently perform fine manipulations and simple, routine, and repetitive tasks. (*Id.* at 2–3.) The ALJ found that Plaintiff has no past relevant work, but has a high school

education and can communicate in English. (*Id.* at 3.)

In the Report, the Magistrate Judge determined that the ALJ "failed to identify and obtain a reasonable explanation for the apparent conflict between the jobs identified by the vocational expert, Dr. Vincent Hecker ("VE" or "Hecker"), and the requirements for those jobs in the DOT." (*Id.* at 6.) The Magistrate Judge applied a five-step process under the Act by which the existence of a disability claim can be determined. (*Id.* at 4.) Specifically, the Magistrate Judge found that the "ALJ's determination at Step Five that Plaintiff was capable of working as an assembler, maker/pricer, or trimmer was not supported by substantial evidence." (*Id.*) *See also* 20 C.F.R. § 416.920; *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981). According to the Magistrate Judge, the ALJ has not fulfilled his affirmative duty to resolve an apparent conflict between Plaintiff's RFC assessment and the DOT requirements for the jobs recommended by the ALJ. (ECF No. 18 at 8.) This duty is not fulfilled "merely because the vocational expert responds 'yes' when asked if [his] testimony is consistent with the [DOT]." (*Id.*) *See also Pearson v. Colvin*, 810 F.3d 204, 208 (4th Cir. 2015). The Magistrate Judge cited the United States Court of Appeals for the Fourth Circuit's decision in *Henderson v. Colvin*, 643 F. App'x 273 (4th Cir. 2015), and applied the court's reasoning that there is an apparent conflict between an RFC that limits a claimant to one-to-two step instructions and a GED reasoning Code 2, which specifies detailed instructions. (ECF No. 18 at 9.) This is a similar designation as given to Plaintiff in the present case. The Magistrate Judge noted that "it has been the practice in this [d]istrict since *Henderson* to remand based on an apparent conflict" and there is no reason to deviate from this well-established precedent. (*Id.* at 10.) *See also Taylor v. Berryhill*, No. 0:17-CV-3419-CMC, 2019 WL 1397187, at *3 (D.S.C. Mar. 28, 2019). The ALJ's determination at Step Five of his analysis is not supported by substantial evidence, and remand is required to address the apparent conflict. (ECF No. 18 at 11.) *See also*

*Taylor*, 2019 WL 1397187, at *4. The Magistrate Judge found that the ALJ's failure to resolve the aforementioned conflict to be a sufficient basis on which to remand the case and declined to specifically address Plaintiff's additional allegations of error. (ECF No. 18 at 11.)

The parties were apprised of their opportunity to file specific objections to the Report on June 17, 2019. (ECF No. 18.) Objections to the Report were due by July 10, 2019. (*Id.*) On July 2, 2019, the Commissioner notified the court that he would not object to the Magistrate Judge's Report. (ECF No. 19 at 1.) Plaintiff has not filed any objection to the Report.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. As such, the court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life and Acc. Ins. Co.*, 416 F. 3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199. Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985). The court concludes that the Magistrate Judge's Report accurately summarizes the law and correctly applies it to the instant case. (ECF No. 18.) Because no specific objections were filed by either party and the court discerns no clear error within the Report, the court adopts the Report herein. *Diamond*, 416 F.3d at 315; *Camby*, 718 F. 2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action in accordance with 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 29, 2019
Columbia, South Carolina